IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KATHERINE GAUD CORTÉS,

    Plaintiff,

       v.                                CIVIL NO.: 14-1707 (MEL)

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

    Defendant.

**OPINION AND ORDER**

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Katherina Gaud Cortés ("plaintiff" or "claimant") was born in 1968, and has completed high school. (Tr. 425, 435.) Prior to her initial application for Social Security disability benefits, plaintiff worked as a secretary. (Tr. 435.) On March 7, 2011 plaintiff filed an application for Social Security disability insurance benefits ("DIB"), alleging disability on the basis of cervical disc bulges with canal stenosis, left S1 radiculopathy, and shoulder tendinitis.[1] (Tr. 425, 434.) The alleged onset date of her disability was April 5, 2010. (Tr. 439.) The date last insured was December 31, 2015. (Tr. 441.) Claimant's application was initially denied on September 15, 2011, and again upon reconsideration on January 23, 2012. (Tr. 141, 145.) A hearing before an Administrative Law Judge ("ALJ") was held on January 13, 2013. (Tr. 100.) Claimant, who was represented by counsel, appeared and testified at the hearing; a vocational expert ("VE") testified by telephone. (Tr. 84.) The ALJ rendered a decision on July 31, 2013, finding, at step four of the sequential evaluation process, that plaintiff was not disabled from the alleged onset until the date of decision. (Tr. 94.) The Appeals Council denied plaintiff's request for review on July 21, 2014.

---

[1] Plaintiff also alleged peripheral vascular disease, arrhythmia, and tachycardia, but the findings on those impairments are not challenged here.

(Tr. 1.) Therefore, the ALJ's opinion became the final decision of the Commissioner of Social Security (the "Commissioner" or "defendant"). (Id.)

On September 17, 2014, plaintiff filed a complaint seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706, alleging that defendant's finding that she was not disabled was not based on substantial evidence. (ECF No. 1, ¶¶ 2, 6.) Defendant answered and filed a certified transcript of the administrative record. (ECF No. 11.) Both parties have filed supporting memoranda of law. (ECF Nos. 18, 19.)

**II.   ANALYSIS**

Claims for DIB are evaluated under a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003). At step two the ALJ found that claimant had the following severe impairments: centrally protruded disc (L5-S1), cervical degenerative disc disease with grade I C5-C6 retroslisthesis, and calcific tendonitis and peritendinitis calcarea of the left shoulder. (Tr. 87.) The ALJ then determined that claimant had the residual functional capacity ("RFC")[2] to perform light work with limitations as discussed below.  (Tr. 90.) Based on this RFC, at step four and with the assistance from the testimony of the VE, the ALJ concluded claimant retained the capacity to perform her past relevant work as a secretary. (Tr. 93.)

   A. Residual Functional Capacity Finding

Plaintiff argues that the ALJ should have included a limitation regarding arm mobility and functioning in the RFC. The ALJ concluded that claimant would only be able to reach overhead with both hands occasionally, but had no limitations in pushing or pulling. (Tr. 90, 92.) Claimant was treated at the State Insurance Fund ("SIF"). There she consistently reported left shoulder pain, and occasionally noted right shoulder, right arm pain, and hand pain. (Tr. 192,

---

[2] An individual's RFC is the most that he can do in a work setting despite the limitations imposed by his mental and physical impairments.  20 C.F.R. § 404.1545(a)(1).

2

195, 197, 227, 233, 237, 241).  Twice claimant reported not being able to move her left arm. (Tr. 195, 197). Radiological reports showed calcific tendonitis in claimant's left shoulder. (Tr. 193.)  Claimant argues that the ALJ erred in not providing good reasons to "disregard the medical records and the opinion of the [SIF] which was the claimant's principal treating medical source . . . ." ECF No. 18, at 3.

Plaintiff is correct that the ALJ is obligated to "give good reasons" for giving a treating source's opinion less than controlling weight. 20 C.F.R. § 404.1527(c)(2). The treatment notes from the SIF, however, do not qualify as a medical opinion for which the ALJ must give these good reasons. Medical opinions are defined as "statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Plaintiff does not identify any portion of the notes from the SIF that advance any sort of judgment. See Moua v. Colvin, 541 F. App'x 794, 797 (10th Cir. 2013) (finding treatment notes that merely "document [claimant's] complaints and chronicle the pain medications and treatment he prescribed for her" did not constitute a "medical opinion"); Mushtare v. Colvin, No. 7:14-CV-0826 GTS, 2015 WL 3901981, at *5 (N.D.N.Y. June 25, 2015) (finding that treatment notes that "contain records of symptoms and diagnoses but are devoid of judgments regarding what Plaintiff can or cannot do relative to his diagnosis and symptoms . . . do not constitute medical opinions"). Plaintiff alleges the ALJ disregarded "substantial parts of [the SIF records], regarding plaintiff's physical conditions and limitations referring to the limitation for moving the arms . . . ." ECF No. 18, at 3. But plaintiff provides no citation that shows any SIF physician expressed a judgment relating to her condition or limitations, as opposed to merely recording her reported symptoms. Rather, the treatment notes

appear to catalogue the claimant's stated complaints and her prescriptions. The good cause requirement thus does not apply to these records.

The physical residual functional capacity assessment completed by Dr. Osvaldo Rivera ("Dr. Rivera"), on the other hand, expresses the opinion that claimant was limited in her ability to push and/or pull in the upper extremities. (Tr. 573.) He based this limitation on "claims of cervical myositis," lower back pain radiating to cervical shoulder head that is made worse by "some movements," and hand numbness. (Tr. 573.) The ALJ gave great weight to Dr. Rivera's report, with the exception of this limitation with respect to pushing and pulling. (Tr. 93.) In explaining this weight the ALJ stated, "he failed to identify the actual limitations and the physical examinations of record reveal unremarkable or normal extremities with normal deep tendon reflexes, and no muscle mass loss and positive pulses with difficulties only reaching above the shoulder line." (Tr. 93 (internal citation omitted)). The ALJ supported this by citation to other evidence on the record. The ALJ first cites an evaluation by consulting internist, Dr. Fernando Torres Santiago that revealed no evidence of limb or joint pain and no muscle mass loss. (Tr. 626.) He concluded claimant would need to avoid repetitive job tasks over the shoulder line. (Id.) Next the ALJ pointed to a record from the emergency department of the Hospital de la Concepción, which indicated claimant's extremities were "normal." (Tr. 280.) Finally, the ALJ cited claimant's examination by consulting neurologist, Dr. Alfredo Pérez Canabal. He found claimant's extremities adequate and the attached range of motion chart indicated claimant had full range of shoulder motion by all measures with the exception of external rotation, which was limited to forty degrees (full range is ninety degrees). (Tr. 569.) Ultimately, the resolution of conflicts in the evidence is the function of the Commissioner, and not the court on review. See Barrientos v. Sec'y of Health & Human Servs., 820 F.2d 1, 2 (1st Cir. 1987). The Social Security

4

Act (the "Act") provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda-Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's decision must be upheld if the court determines that substantial evidence supports the ALJ's findings, even if a different conclusion would have been reached by reviewing the evidence *de novo*. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). The Commissioner's fact findings are not conclusive, however, "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam).

### B. Past Relevant Work Analysis

Plaintiff next argues that the ALJ's findings at step four did not comply with SSR 82-62 in making sufficiently detailed findings. SSR 82-62 states that the decision that a claimant can perform past relevant work "must be written so that a clear picture of the case can be obtained" and "show clearly how specific evidence leads to a conclusion." It further requires the following specific findings of fact: "the individual's RFC," "the physical and mental demands of the past job/occupation," and "that the individual's RFC would permit a return to his or her past job or occupation."

As discussed above, the ALJ made specific findings as to the claimant's RFC. The latter two findings, however, are solely addressed in the ALJ's step four analysis. The entirety of the ALJ's expressions at this step are:

> The claimant is capable of performing past relevant work as a Secretary (DOT Code: 201.362-030), a sedentary job with an SVP of 6. This work does not require the performance of work-related activities precluded by the claimant's [RFC] (20 CFR 404.1565). The [VE] classified claimant's past work as a

> secretary (DOT Code: 201.362-030), as consistent with sedentary work with an SVP of 6. A review of claimant's work history reveals that the claimant performed this job in the last 15 years, at a level consistent with substantial gainful activity and that she performed this job long enough to learn it. Therefore, this job represents claimant's past relevant work. In comparing the claimant's [RFC] with the physical and mental demands of this work, the vocational expert indicated that an individual with claimant's age, education, work experience and residual functional capacity can perform claimant's past relevant work. The undersigned concurs with the opinion of the [VE] as the claimant has [an RFC] for light work and her past relevant work is consistent with sedentary work. Thus, the claimant is able to perform her past relevant work as a secretary as actually and generally performed.

(Tr. 93–94.) (emphasis omitted) Thus, the ALJ made findings as to both the demands of claimant's past work as a secretary and that her RFC would allow her to work. These findings do not comply with the requirement in SSR 82-62 that the ALJ elaborate her findings and support her conclusions with the evidence upon which they are based. However, any error in this regard is harmless. "The First Circuit has applied a 'harmless error' rule in Social Security benefit cases." Ward v. Apfel, No. 98-168-B, 1999 WL 1995199, at *3 (D.Me. June 2, 1999) (citing Pérez Torres v. Sec'y of Health and Human Servs., 890 F.2d 1251, 1255 (1st Cir. 1989)) ("Accordingly, if the likely outcome on remand in this case is clear and the same as that reached in the decision under review, making the administrative law judge's admitted error essentially harmless, the court may uphold the denial of the plaintiff's claim."). Failure to provide the requisite detail at step four is harmless when there is sufficient detail on the record to support the ALJ's conclusion. See, e.g., Rivera v. Comm'r of Soc. Sec. Admin., No. CIV. 12-1479 BJM, 2013 WL 4736396, at *10-11 (D.P.R. Sept. 3, 2013) (finding harmless any error in fully complying with SSR 82-62 because the "RFC limitations found by the ALJ are not inconsistent with the performance of [claimant's] past work . . . as described by claimant himself"); Rodriguez-Valentin v. Astrue, No. CIV. 10-2234 BJM, 2012 WL 2525600, at *9-10 (D.P.R. June 29, 2012) (finding harmless any error in fully complying with SSR 82-62 because the "RFC

limitations found by the ALJ are not inconsistent with the performance of [claimant's] past work . . . as described by claimant herself, and are not inconsistent either with the VE's description of claimant's vocational profile"); O'Brien v. Astrue, No. CIV. 09-154-P-S, 2010 WL 583951, at *2-4 (D. Me. Feb. 16, 2010) ("While it is clear that the [ALJ] in this case failed to comply with the requirements of SSR 82-62 . . . merely establishing this fact is not enough to warrant reversal of the commissioner's decision . . . the plaintiff must also demonstrate that this failure resulted in more than harmless error"); Proctor v. Barnhart, No. 05-181-B-W, 2006 WL 2827662, at *5 (D. Me. Sept. 29, 2006) report and recommendation adopted, No. 05-181 BW, 2006 WL 3062677 (D. Me. Oct. 24, 2006) (holding that because "counsel for the plaintiff was unable to point out at oral argument any way in which the [RFC] assigned to the plaintiff by the administrative law judge was in fact inconsistent with the physical and mental demands of the job . . . the administrative law judge's error can only be described as harmless").

Claimant neither points to any evidence in the record nor alleges any evidence that should have been elicited by the ALJ that shows claimant is unable to perform her past position given the RFC finding. The burden at step four is on claimant to "lay the foundation as to what activities her former work entailed" and "how her functional incapacity renders her unable to perform her former usual work." Santiago v. Sec'y of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991). Claimant did lay a foundation as to what her former work entailed, but that description was largely consistent with claimant's RFC.

As noted above, claimant's RFC allows lifting and/or carrying twenty pounds occasionally and ten pounds frequently and occasionally reaching overhead with both arms with no limitation in pushing or pulling. (Tr. 90.) The RFC also limited claimant to standing and/or walking about six hours in an eight hour workday; sitting about six hours in an eight hour

workday; occasionally crawling; frequently balancing, kneeling, or crouching; and frequently climbing stairs. (Id.)  Claimant completed a form detailing the requirements of her previous job as a secretary at the Department of Corrections. According to claimant, this position required her to "answer phone calls constantly, transcribe[ ] documents, take minutes in meetings, and write letters." (Tr. 159.) She was also responsible for copying and archiving documents. As part of this responsibility, she "had to pick up files in different areas of the agency . . . ." (Tr. 159.) Claimant worked eight hours a day, five days a week. (Id.) In a typical eight hour day, she spent two hours walking, two hours standing, and four hours sitting. (Id.) She also spent one hour "climbing", four hours handling, grabbing, or grasping big objects, and four hours writing, typing, or handling small objects. (Id.) Her typical workweek involved no kneeling, crouching, or crawling. (Id.) She described that she had to "lift and carry piles of files to take them from one office to another," frequently using stairs while doing so. (Id.) Claimant listed the weight she frequently carried as ten pounds. (Id.) All of this is well within the bounds of claimant's RFC. The only information in the form that potentially conflicts with the RFC is claimant's expression that the heaviest weight she lifted was twenty five pounds. (Tr. 159.) Claimant did not elaborate whether this occurred occasionally or whether this was a singular occasion. Claimant elaborated on her previous job requirements during her testimony before the ALJ.  She testified that she "greeted the public, typed, took dictation, transcribed minutes, and filed documents" as well as answering the telephone and photocopying documents. (Tr. 107.) She also "would move from one building to another because I worked in two buildings."  (Id.) At the hearing, claimant did not specify how any of her impairments impacted her ability to work. She merely stated, "it was difficult for me to perform many tasks in my job." (Id.) Claimant did not expound, however, on the weight lifted. Without further explanation it cannot be said that lifting this weight was one of the

requisite demands of her past job. Further, the VE, testifying at the hearing, described claimant's previous job as sedentary. Sedentary is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). Thus, the claimant's past relevant work as secretary, as performed in the national economy would not require claimant to lift twenty-five pounds.

Based on the evidence in the record, I find that the result would be the same on remand. Claimant has not pointed to any evidence on the record that shows claimant's job, either as previously performed or as performed in the national economy, is inconsistent with her RFC. Therefore, the ALJ's failure in this case to specifically explain the reasoning behind her conclusions is harmless.

In view of the foregoing analysis, the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2016.

s/Marcos E. López<br>
U.S. Magistrate Judge